**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KARIM MAYFIELD, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1860 |
| v. | |
| MATTHEW KESSLER, | (JUDGE CAPUTO) |
| Defendant. | |

**MEMORANDUM**

Before the Court is defendant Matthew Kessler's motion for reconsideration (Doc. 63) of this Court's June 20, 2011 order (Doc. 60) denying summary judgment. For the reasons explained below, the motion will be granted.

**Discussion**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration is not a procedural device enabling relitigation of issues already decided. Its purpose is to correct manifest errors of law or fact or present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and

the litigant." *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Here, the defendant argues that the Court prematurely decided the motion for summary judgment before the defendant had the opportunity to reply to the plaintiff's opposition. This was an oversight, and justice requires giving the defendant the opportunity to reply to the plaintiff's opposition. Thus, reconsideration will be granted. The June 20, 2011 order will be vacated, and the defendant will be given an additional ten days to reply to the plaintiff's opposition, at which time the motion for summary judgment will be ruled on.

The defendant also seeks leave to file a second motion for summary judgment on the merits. The time to file dispositive motions has passed, and under Federal Rule of Civil Procedure 6(b), after the time to act has expired, the court may extend the time on motion made if the party failed to act because of excusable neglect. Here, the defendant has failed to show excusable neglect, and so an extension of time to file a second motion will not be granted.

## Conclusion

For the reasons stated above, Kessler's motion for reconsideration (Doc. 63) will be granted. An appropriate order follows.

July 28, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KARIM MAYFIELD,

    Plaintiff,

        v.

MATTHEW KESSLER,

    Defendant.

NO. 3:09-CV-1860

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 28th day of July, 2011, **IT IS HEREBY ORDERED** that:

(1) The defendant's motion for reconsideration (Doc. 63) is **GRANTED**.

(2) The Court's June 20, 2011 Order (Doc. 60) is **VACATED**.

(3) The defendant has ten days from the date of this order to reply to the plaintiff's opposition to his motion for summary judgment.

(4) The request to file a second motion for summary judgment is **DENIED**.

                      /s/ A. Richard Caputo
                      A. Richard Caputo
                      United States District Judge