# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KARIM MAYFIELD,

    Plaintiff,

    v.

SCI-CRESSON, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-1860

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the defendant Matthew Kessler's motion for summary judgment. (Doc. 53.) For the reasons explained below, the motion will be granted.

### I. Background

Plaintiff Karim Mayfield is an inmate in a state correctional facility. He filed his complaint against the defendants on September 28, 2009. Pursuant to the screening provisions of 28 U.S.C. § 1915, the Court dismissed all claims against SCI-Cresson and all claims at Counts I, II, IV, and V of the complaint against Matthew Kessler. The sole remaining claim is a § 1983 claim against Defendant Matthew Kessler. Mayfield alleges that Kessler, a prison employee, assaulted him. Kessler moves for summary judgment on this claim on the sole ground that Mayfield failed to exhaust his administrative remedies in accordance with Policy No. DC-ADM 804.

## II. Discussion

**A. Legal Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable

to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B. Exhaustion of Available Administrative Remedies**

Under the Prison Litigation Reform Act, a prisoner may not bring a civil action under § 1983 "until such administrative remedies as are available have been exhausted." 42 U.S.C. 1997e(a). Failure to exhaust administrative remedies is an affirmative defense to be pleaded and proved by the defendant. *Ray v. Kertes*, 285 F.3d 287, 292 (3d Cir. 2002). Inmates must comply with the procedural rules in place at the correctional facility in order to properly exhaust under the PLRA. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).

Kessler asserts that Mayfield failed to properly exhaust under Policy No. DC-ADM 804. Mayfield claims that this policy did not apply to him, and thus he was not required to file a grievance in accordance with its procedures. If Mayfield raises a triable issue as to whether he exhausted his available remedies summary judgment must be denied.

In accordance with Local Rule 56.1, Kessler filed a "separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party

3

contends there is no genuine issue to be tried." Local Rule 56.1 dictates that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [of the movant], as to which it is contended that there exists a genuine issue to be tried." Mayfield responded with a statement of facts.

At paragraph 10, the defendant's statement asserts that under the relevant version of DC-ADM 804 in effect, a grievance needed to be submitted within fifteen working days of the event. The plaintiff objects to this paragraph. In his responsive paragraph, the plaintiff alleges that Rebecca Reifer, the Superintendent Assistant, told him on May 8th that he could not submit a grievance because a misconduct citation was issued to him on May 4th regarding the incident with Kessler, and thus the grievance system governed by DC-ADM 804 was not applicable. However, Mayfield fails to provide admissible evidence in support of this assertion under Federal Rule of Civil Procedure 56(c)(1). The exhibit the plaintiff cites to is an unverified chronology of events put together by himself. Because there is no declaration or affidavit on this point, the plaintiff has failed to submit admissible evidence regarding what Reifer said.

The plaintiff additionally cites section VI-H of DC-ADM 804, already in the record, which states "Initial review of issues relating to the following Department policies shall be in accordance with procedures outlined therein, and will not be reviewed by a Facility Grievance Coordinator: **DC-ADM 801, Inmate Discipline**, . . . and any other Department policy that specifically states that the DC-ADM 804 is not applicable." (emphasis added). He argues that because his claim relates to an event that also led to a misconduct charge, he did not have to file a grievance under DC-ADM 804 and could pursue the issue under the

4

policies set forth in DC-ADM 801. But DC-ADM 801 makes it clear that the review procedures under DC-ADM 801 are only available to challenge misconduct charges. *See* DC-ADM 801 Section 1A (noting that informal and formal processes under DC-ADM 801 are available for "dispos[ing] of" the violation charge). The procedures available under DC-ADM 801 are thus not an appropriate vehicle for challenging constitutional violations unrelated to the misconduct proceeding. By contrast, DC-ADM 804 is available to "ensure that an inmate has an avenue through which resolution of specific problems can be sought." DC-ADM 804 Section II.

DC-ADM 801 did not preclude Mayfield from filing a grievance under DC-ADM 804, the mandatory grievance procedure. Because Mayfield failed to do so, he has failed to exhaust his administrative remedies and judgment in the defendant's favor is warranted.

### III. Conclusion

Because Mayfield failed to exhaust administrative remedies, the defendant's motion for summary judgment will be granted. An appropriate order follows.

 August 11, 2011                                          /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KARIM MAYFIELD, | |
| Plaintiff, | NO. 3:09-CV-1860 |
| v. | (JUDGE CAPUTO) |
| SCI-CRESSON, et al., | |
| Defendants. | |

**ORDER**

**NOW**, this 11th day of August, 2011, **IT IS HEREBY ORDERED** that defendant Matthew Kessler's motion for summary judgment (Doc. 53) is **GRANTED**. Judgment shall be **ENTERED** in favor of Matthew Kessler and against the plaintiff. The clerk of court is directed to mark this matter closed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge